THE STATE *v.* THE JUDGE OF THE SEVENTH JUDICIAL DISTRICT.—W. F. KERNAN, District Attorney, praying for a Writ of Prohibition.

The Act of March 15th, 1855, creating an interchange between the Judges of the Fourth, Seventh and Eighth Judicial Districts, contemplates nothing but a provision for the regular jury terms, as fixed by law, and does not annul the power conferred on every District Judge to call special jury terms, when the public necessity requires them, provided they do not interfere with the discharge of his duties, as imposed by law.

ON an application for a writ of *prohibition.*
*Kernan,* for the relator

SPOFFORD, J. The Judge of the Seventh Judicial District has called a special session of his court for the parish of West Feliciana, and had a jury summoned, in pursuance of sections 26 and 28 of the Act relative to District Courts, approved March 15th, 1855, (Session Acts, pages 495-6.) It does not appear that this called term clashed, or will clash, with the regular term of court for that parish, which was to commence on the first Monday of December, nor within the term commencing on the third Monday in October in East Feliciana.

A writ of prohibition is prayed for, on the ground alone that the Judge has been inhibited from holding such a special jury term in West Feliciana at the present time by the Act of March 15th, 1855, creating an interchange between the Judges of the Fourth, Seventh and Eighth Judicial Districts. (Session Acts, pages 246-7.)

The latter Act, by its terms, evidently contemplated nothing but a provision for the regular jury terms as fixed by law. It says that "the interchange shall only apply to *the* jury term," and "to make effective its provisions," it is declared that *the* jury term for the parish of East Feliciana shall commence, for *that* term only, on the second Monday in April next, and thereafter as provided by law," that is, on the first Monday in April. (Session Acts, sec. 14, page 493.)

The provision in the interchange Act, that neither of the said Judges can lawfully hold a second jury term in any parish until he shall have held a term in every other parish of the district, cannot fairly be construed to annul the power conferred on every Judge to call a special jury term in any parish of his own district, when the public necessity requires, provided that such called term does not interfere with the performance of his judicial duties elsewhere, as imposed upon him by law, or with the discharge of the duties imposed by law upon the Judges with whom he is bound to interchange.

It is, therefore, ordered that the application for a writ of prohibition be dismissed, and that the relator, *W. F. Kernan,* pay costs.